

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS SOLIVAN,<br><br>               Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK; NEW YORK CITY POLICE OFFICER THOMAS DEKOKER; and NEW YORK CITY POLICE OFFICER BRIAN R. O'KEEFE,<br><br>               Defendants. | 12 Civ. ____<br><br>ECF Case<br><br>COMPLAINT<br><br>**JURY DEMAND** |

Plaintiff Luis Solivan, by and through his attorneys, Emery Celli Brinckerhoff & Abady LLP, for his Complaint alleges as follows:

## INTRODUCTION

1.     This is a civil rights action seeking damages for Defendants' violations of Plaintiff's rights, privileges, and immunities pursuant to 42 U.S.C. § 1983, the United States Constitution, and New York State common law. The suit arises from egregious conduct on November 14, 2011, when two New York City police officers, Defendants Officers Thomas DeKoker and Brian R. O'Keefe, for no reason whatsoever, barged into then-19-year-old Plaintiff Luis Solivan's home. They beat Mr. Solivan in front of his mother and young siblings, causing substantial physical injury. They beat him even after he was handcuffed. They hit him in the face with their walkie-talkies. They bashed his head against the wall so hard it left a hole in the wall. Part of this brutal and sadistic beating was captured on video.

2.     Without any basis at all, Defendants then falsely arrested, falsely detained, wrongfully imprisoned, and maliciously prosecuted and injured Plaintiff for the incident

in which they assaulted him. After hearing testimony, including the testimony of Plaintiff, the grand jury refused to return any charges against Plaintiff, and he was released, but only after spending seven days in prison.

3. On information and belief, notwithstanding this unconscionable act of police brutality, Officers DeKoker and O'Keefe remain employed by the New York Police Department, and continue to interact with the public.

## PARTIES

4. Plaintiff Luis Solivan is a citizen of the United States, and is, and was at all times relevant to this action, a resident of New York.

5. Defendant City of New York ("City") is a municipality organized and existing under the laws of the State of New York. At all relevant times, the City, acting through the New York Police Department ("NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel, including the individual defendants named in this complaint. In addition, at all relevant times, the City was responsible for enforcing NYPD rules, and for ensuring that NYPD personnel obey the laws of the United States and the State of New York.

6. At all relevant times, Defendant Thomas DeKoker was an NYPD officer acting in the capacity of agent, servant, and employee of defendant City, and within the scope of his employment as such.

7. At all relevant times, Defendant Brian R. O'Keefe was an NYPD officer acting in the capacity of agent, servant, and employee of defendant City, and within the scope of his employment as such.

8. Collectively, Officers DeKoker and O'Keefe are referred to as "the Officer Defendants."

## JURISDICTION AND VENUE

9. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, and New York state common law.

10. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 1367(a).

11. The acts complained of occurred in the Southern District of New York, and venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b).

## JURY DEMAND

12. Plaintiff demands trial by jury in this action.

## FACTUAL ALLEGATIONS

13. The evening of November 14, 2011 started out as a fairly ordinary one for Luis Solivan. That evening, he left his apartment on University Avenue in the Bronx, and walked to a local store, where he purchased cigarettes. He was unarmed, not engaged in any unlawful activity, and minding his own business. There was no reasonable basis to suspect Mr. Solivan was engaged in any unlawful activity.

14. While he was walking home, for no reason, a marked police car made a quick and sudden u-turn towards Mr. Solivan. The sirens on the vehicle began to sound, and Mr. Solivan went into his home, where his mother and younger brothers were inside.

15. Officers DeKoker and O'Keefe exited the vehicle and broke down the door to the Solivans' apartment -- without any reasonable suspicion of, or probable cause

to suspect, any unlawful conduct, or any reason to believe Mr. Solivan posed a danger to himself or others. Officers DeKoker and/or O'Keefe deployed mace or pepper spray in Mr. Solivan's face almost immediately after entering the apartment.

16. One of Officers DeKoker and O'Keefe then bashed Mr. Solivan in the face with his walkie talkie. The other officer did nothing to stop the beating. Both were cursing at Mr. Solivan.

17. The Officers then placed Mr. Solivan in handcuffs.

18. While Mr. Solivan was handcuffed, defenseless, lying on the ground, and posing no conceivable threat to the Officers, the two officers punched him in the face, kicked and stomped on his body.

19. While Mr. Solivan was handcuffed, the Officers also banged his head against the wall so hard that it made a hole in the wall.

20. This sadistic assault continued in the presence of Mr. Solivan's mother and his younger brothers, then aged 5 and 8.

21. From his home, Mr. Solivan was taken to the 46th Precinct, where he was held for approximately one hour. He briefly lost consciousness in this period.

22. The Officer Defendants continued their abuse of Mr. Solivan at the precinct. Officers DeKoker and O'Keefe took Mr. Solivan into a bathroom, closed the door behind him, and punched and kicked Mr. Solivan, while directing threatening and abusive language at him.

23. The assaults on Mr. Solivan by the Officer Defendants were far in excess of their rightful authority as New York City police officers, and were without any basis whatsoever.

24. Mr. Solivan remained bleeding and in substantial pain at the precinct until an ambulance was finally called.

25. The ambulance transported Mr. Solivan to St. Barnabas Hospital.

26. There, he was diagnosed with numerous injuries stemming from what the hospital characterized as a "blunt head injury."

27. These injuries included a broken nose; substantial bruising to his ear, face, clavicle, and wrists; cuts on his lips and bleeding from the mouth; and injuries to his head.

28. Mr. Solivan was subsequently returned to the 46th Precinct.

29. On November 15, 2011, Defendant Officer DeKoker swore out a criminal complaint, falsely and maliciously accusing Mr. Solivan of Attempted Criminal Possession of a Weapon, Assault, Attempted Robbery, Attempted Grand Larceny, Assault, Resisting Arrest, and Obstructing Governmental Administration.

30. These false charges were based solely on events allegedly occurring in Mr. Solivan's home on the night of November 14, 2011.

31. As a direct result of the false criminal complaint, Mr. Solivan was imprisoned on Rikers Island, where he remained in custody for approximately one week.

32. After hearing testimony, including that of Mr. Solivan and the officers involved, the grand jury returned a vote of no true bill, and the criminal case against Mr. Solivan was terminated in his favor.

33. As a direct and proximate result of Defendants' unlawful conduct, Mr. Solivan lost his liberty, and has suffered and continues to suffer physical pain and suffering and psychological and emotional trauma.

34. The Officer Defendants acted maliciously, wantonly, willfully, and recklessly, and with reckless disregard for Mr. Solivan's rights.

35. Within ninety days after the events alleged in this Complaint arose, a written notice of claim was served upon Defendant City of New York. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

### FIRST CAUSE OF ACTION
42 U.S.C. § 1983 - Excessive Force
(Against the Officer Defendants)

36. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

37. By the above, by using excessive force and sadistically and brutally assaulting Mr. Solivan, and by failing to take steps to intercede and protect Mr. Solivan from the above, the Officer Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

38. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and/or within the scope of their respective employments as NYPD officers. Said acts by the Officer Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive

Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

39. The Officer Defendants did conspire with one another to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and by the Fourth and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

40. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before alleged.

**SECOND CAUSE OF ACTION**
42 U.S.C. § 1983 – False Arrest and Imprisonment
(Against the Officer Defendants)

41. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

42. The Officer Defendants wrongfully and illegally arrested and detained Plaintiff, falsely charging him with attempted criminal possession of a weapon, assault, attempted robbery, attempted grand larceny, resisting arrest, and obstruction of governmental administration.

43. The wrongful, unjustifiable, and unlawful apprehension, arrest and detention of Plaintiff was carried out without any basis, without Plaintiff's consent, and without probable cause or reasonable suspicion.

44. At all relevant times, the Officer Defendants acted forcibly in apprehending and arresting Plaintiff.

45. Throughout this period, Plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, and falsely charged.

46. At all times, the unlawful, wrongful, and false arrest of Plaintiff was without basis and without probable cause or reasonable suspicion.

47. All this occurred without any fault or provocation on the part of Plaintiff.

48. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and/or within the scope of their employment as NYPD officers. Said acts by the Officer Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and each acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourteenth Amendment to the United States Constitution.

49. The Officer Defendants did conspire with one another to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and by the Fourth and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

50. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before alleged.

**THIRD CAUSE OF ACTION**
42 U.S.C. § 1983 – Malicious Prosecution
(Against Defendant DeKoker)

51. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

52. The acts and conduct of Officer DeKoker constitute malicious prosecution under the Fourth Amendment to the United States Constitution. Officer DeKoker commenced and continued a criminal proceeding against Plaintiff, with

actual malice and without probable cause. In addition, the proceeding terminated favorably to Plaintiff.

53. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CAUSE OF ACTION
Assault
(Against All Defendants)

54. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

55. The Officer Defendants intentionally, willfully, and maliciously assaulted Plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did violent and/or menacing acts which threatened such contact to Plaintiff, and that such act(s) caused apprehension of such contact in Plaintiff.

56. All this occurred without any fault or provocation on the part of Plaintiff.

57. The Officer Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York Police Department.

58. The City of New York, as the employer of the Officer Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

59. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before alleged.

### FIFTH CAUSE OF ACTION
Battery
(Against All Defendants)

60. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

61. The Officer Defendants intentionally, willfully, and maliciously battered Plaintiff in that they deliberately touched Plaintiff and/or caused Plaintiff to be touched, and such physical contact was offensive, unwelcome, and without consent.

62. All this occurred without any fault or provocation on the part of Plaintiff.

63. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York Police Department.

64. The City of New York, as the employer of the Officer Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

65. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before alleged.

### SIXTH CAUSE OF ACTION
Malicious Prosecution
(Against Defendant DeKoker and the City of New York)

66. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

67. The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York. Officer DeKoker commenced and continued a criminal proceeding against Plaintiff, with actual malice and without probable cause. In addition, the proceeding terminated favorably to Plaintiff.

68. All this occurred without any fault or provocation on the part of Plaintiff.

69. Officer DeKoker was at all times an agent, servant, and employee acting within the scope of his employment by the City of New York and the New York Police Department.

70. The City of New York, as the employer of Officer DeKoker, is responsible for his wrongdoing under the doctrine of respondeat superior.

71. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

### SEVENTH CAUSE OF ACTION
False Arrest/Imprisonment
(Against all Defendants)

72. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

73. The acts and conduct of Defendants DeKoker and O'Keefe in wrongfully and illegally arresting and detaining Plaintiff, falsely charging him with attempted criminal possession of a weapon, assault, attempted robbery, attempted grand larceny, resisting arrest, and obstruction of governmental administration, constitute false arrest and false imprisonment under the laws of the State of New York.

74. Defendants DeKoker and O'Keefe intended to confine Plaintiff and, in fact, confined Plaintiff, and Plaintiff was conscious of the confinement. In addition, Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

75. The wrongful, unjustifiable, and unlawful apprehension, arrest and detention of Plaintiff was carried out without any basis, without Plaintiff's consent, and without probable cause or reasonable suspicion.

76. At all relevant times, Defendants DeKoker and O'Keefe acted forcibly in apprehending and arresting Plaintiff.

77. Throughout this period, Plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, and falsely charged.

78. All this occurred without any fault or provocation on the part of Plaintiff.

79. The Officer Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York Police Department, which are therefore responsible for their conduct.

80. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

**EIGHTH CAUSE OF ACTION**
Negligent Hiring, Training, Discipline, and Retention of
Employment Services
(Against Defendant the City of New York)

81. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

82. The City of New York, through the NYPD, owed a duty of care to Plaintiff to prevent the physical and mental abuse sustained by Plaintiff. Under the same or similar circumstances, a reasonable, prudent, and careful person would have anticipated that an injury to Plaintiff or to those in a like situation would probably result from this conduct.

83. Upon information and belief, the Officer Defendants were unfit and incompetent for their positions as police officers.

84. Upon information and belief, the City of New York knew or should have known through the exercise of reasonable diligence that the Officer Defendants were dangerous.

85. Upon information and belief, the City of New York's negligence in hiring, training, disciplining, and retaining the Officer Defendants proximately caused Plaintiff's injuries set forth above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

    a.    Compensatory damages in an amount to be determined at trial;

    b.    Punitive damages against the individual Defendants in an amount to be determined at trial;

    c.    Reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

    d.    Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       September 10, 2012

_____
Ilann M. Maazel
Earl S. Ward
Adam R. Pulver
EMERY CELLI BRINCKERHOFF
& ABADY LLP
75 Rockefeller Plaza, 20th Floor
New York, NY 10019
(212) 763-5000

*Attorneys for Plaintiff*